UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Ashland)

| | |
|---|---|
| JEANNIE CAROL EBERSOLE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANDREW SAUL,[1] COMMISSIONER OF ) <br> SSA, ) <br> ) <br> Defendant. ) | Civil Action No. 0:18-CV-106-CHB <br><br> **MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record and the parties' dispositive motions, and for the reasons set forth herein, will AFFIRM the Commissioner's decision, DENY Ebersole's Motion for Summary Judgment, and GRANT the Commissioner's Motion for Summary Judgment.

**I.    Background**

In May 2015, Plaintiff Jeannie Ebersole applied for disability insurance benefits, alleging disability beginning in July 2014 due to several conditions, including osteoarthritis and depression. [R. 7-1] Plaintiff's application was denied initially and again on reconsideration. [*Id.*] At Plaintiff's request, an administrative hearing was conducted on March 7, 2018, before Administrative Law Judge ("ALJ") Melinda Wells. [*Id.*] On May 23, 2018, ALJ Wells ruled that Plaintiff was not entitled to benefits. [*Id.*] This decision became the final decision of the

---

[1] Andrew Saul was sworn in as Commissioner of Social Security on June 17, 2019, during the pendency of this action. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner Saul is automatically substituted as a party.

Commissioner on October 1, 2018, when the Appeals Council denied Plaintiff's request for review. [*Id.*]

Plaintiff filed the instant action on October 23, 2018, seeking review of the ALJ's decision. [R. 1] The matter has culminated in cross-motions for summary judgment, which are now ripe for adjudication. [R. 10; R. 12]

## II. Standard of Review

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *Colvin v. Barnhart*, 475 F.3d 727, 729–30 (6th Cir. 2007) (citation omitted). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted). Courts are not to conduct a de novo review, resolve conflicts in the evidence, or make credibility determinations. *Id.* (citations omitted). Rather, the Court must "affirm the Commissioner's conclusions unless the Commissioner failed to apply the correct legal standard or made findings of fact that are unsupported by substantial evidence." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (citation omitted). If supported by substantial evidence, the Commissioner's findings must be affirmed, even if there is evidence favoring Plaintiff's side. *Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988). In other words,

> [t]he findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion . . . This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.

*McClanahan*, 474 F.3d at 833 (quoting *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001)).

To determine disability, the ALJ conducts a five-step analysis pursuant to 20 C.F.R. § 404.1520.

1. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits.

2. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. . . .

3. Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience.

4. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled.

5. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Colvin*, 475 F.3d at 730 (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)) (internal citations omitted). The burden of proof rests with the claimant on steps one through four. *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994). At the last step, the burden of proof shifts to the Commissioner to identify "jobs in the economy that accommodate [Plaintiff's] residual functional capacity." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). An individual's residual functional capacity is the most a claimant can still do despite her limitations. *See* C.F.R. § 404.1545(a)(1). If the ALJ makes a dispositive finding at any point in the five-step analysis, the review terminates. *Colvin*, 475 F.3d at 730; 20 C.F.R. § 404.1520(a)(4) (2020).

### III. Discussion

The ALJ made several findings in the required sequence. She first determined that Ebersole had not engaged in substantial gainful activity since July 31, 2014 (the alleged onset

date). [R. 7-1 Page ID #: 51] She next determined that Ebersole had the severe impairment of osteoarthritis and that her remaining alleged impairments were non-severe in nature. [*Id.*] ALJ Wells then found that Ebersole did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. [*Id.* at Page ID #: 54]

The ALJ concluded at step four that Plaintiff was capable of light work (and not "disabled") because Plaintiff was capable of performing her past relevant work as a cashier and assistant manager as "generally performed," even though she was not capable of performing this past work as she actually performed it in the past. [R. 7-1 Page ID #: 57] Accordingly, the ALJ did not proceed to the step five examination of whether other work exists in the national economy that Plaintiff can perform. Plaintiff argues that this decision "was based on an error of law and was not supported by substantial evidence." [R. 10] Plaintiff asserts that the ALJ misclassified Plaintiff's prior work as that of a cashier and failed to consider Plaintiff's unique duties as a cashier, such as the need to lift between forty and forty-five pounds when "unloading trucks and getting merchandise in." [*Id.*] Because Plaintiff's past cashier job required a medium level of exertion (and the ALJ agreed that Plaintiff has the capacity to perform only light work), Plaintiff could not perform her particular former job. As a result, Plaintiff argues that the ALJ should have found her disabled at step four.

A. **The ALJ Applied the Correct Legal Standard.**

Plaintiff first argues that the ALJ erred as a matter of law by finding that Plaintiff must prove an inability to return to her former *type* of work and not just to her former job as actually performed. Plaintiff cites *Carter v. Sec. of Health and Human Servs.*, 834 F.2d 97 (6th Cir. 1987) in support of her argument. In *Carter*, the Sixth Circuit found that a plaintiff could not

perform his job as a food service manager because the claimant testified that he had to regularly lift over fifty pounds. *Id.* at 99. Because this evidence was uncontroverted, the Court accepted the claimant's testimony concerning the specific duties included in his previous work as actually performed over the Dictionary of Occupational Titles ("DOT"), which listed food service manager as being "light work." *Id.* at 98–99; *see also Brasher v. Astrue*, No. 4:07CV-037-EHJ, 2008 WL 294577, at *3 (W.D. Ky. Jan. 31, 2008). *Carter* thus stands for the proposition that specific testimony (in that case, testimony from the claimant) may override the general descriptions of the DOT. *Id.*; *see also Liebisch v. Sec. of Health and Human Servs.*, 21 F.3d 428, 1994 WL 108957, at *3 (6th Cir. Mar. 30, 1994) (unpublished table opinion) (holding that an expert's testimony may override the DOT's designation). But *Carter* is factually distinguishable from this case because the ALJ in *Carter* did not rely on testimony from a vocational expert, as is the case here. *See Liebisch*, 1994 WL 108957, at *3.

In this case, the ALJ also considered a vocational expert's testimony about Plaintiff's past relevant work as both a cashier and assistant manager[2] as she actually performed those jobs and as the DOT generally defines them. [R. 7-1 Page ID #: 79–80] That makes this case more like *Studaway v. Sec. of Health and Human Servs.*, 815 F.2d 1074 (6th Cir. 1987). The claimant in *Studaway* was a fifty-eight-year-old man who had previously worked in a custodial position that sometimes required lifting forty to fifty pounds. *Id.* at 1075. The ALJ first determined that the claimant retained the capacity for light work. *Id.* The ALJ then noted that although the claimant's particular job as a custodian involved some heavy lifting, custodial work can be

---

[2] The vocational expert identified two past jobs that Plaintiff held with her former employer: cashier and assistant manager. [R. 7-1 Page ID #: 79] Although the ALJ found Plaintiff could also perform her past relevant work as an assistant manager as generally performed, the Commissioner's Motion for Summary Judgment based its arguments solely on the cashier findings and did not address the assistant manager occupation. [R. 12] Because the Court finds that Ebersole can perform the duties of a cashier as generally performed, the Court does not need to specifically address the ALJ's findings as to the duties of an assistant manager.

- 5 -

performed at a light level. *Id.* The ALJ relied on a vocational expert's testimony in finding the claimant was able to perform this past relevant type of work at a light level. *Id.* at 1076. On review, the Sixth Circuit affirmed this decision, stating that the claimant "must prove an inability to return to his former *type* of work and not just to his former job." *Id.* (internal quotations and citations omitted) (emphasis in original).

In the same vein, ALJ Wells' findings fully comport with applicable law, and Plaintiff Ebersole's legal challenge to the decision fails. "The relevant inquiry is whether [she] could still perform that type of work and not necessarily the specific job that [she] had in the past." *Clendening v. Comm'r of Soc. Sec.*, 482 F. App'x. 93, 96 (6th Cir. 2012). The ALJ applied the correct legal standard at step four in determining that Plaintiff could still perform cashier work in general, even though Plaintiff could not perform her specific prior job.

**B.     The ALJ's Decision is Supported by Substantial Evidence.**

The ALJ's determination that Plaintiff could return to her past work as a cashier as that position is generally performed is supported by substantial evidence. First, the ALJ determined that Plaintiff has the residual functional capacity "to perform light work . . . except that she can frequently climb ramps and stairs and stoop; and can never climb ladders, ropes, or scaffolds or work at unprotected heights." [R. 7-1 Page ID #: 54] In making this finding, the ALJ considered all of Plaintiff's symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. [*Id.*] The ALJ examined the Plaintiff's own testimony, x-ray and MRI results, treatment notes, and opinion evidence from state agency physical and mental medical consultants, agency physical and mental consultative examiners, and a third-party function report. [*Id.* at Page ID #: 55–57] From this extensive record, the ALJ found that Plaintiff's statements concerning "the intensity, persistence and

limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." [*Id.* at Page ID #: 56] ALJ Wells found that the evidence supports "the limitation to light level lifting and carrying" but does not support "limiting standing and walking or occasional kneeling or never squatting." [*Id.* at Page ID #: 57] Instead, the record showed that Plaintiff "received conservative treatment for her complaints, with no findings of abnormality in gait or deficits in strength, sensation, or reflexes." [*Id.*]

Next, the ALJ properly classified Plaintiff's prior work as being that of a cashier. The ALJ based her finding on Plaintiff's own reports and testimony, as well as the vocational expert's testimony. [*Id.* at Page ID #: 78–79] Plaintiff testified she worked as a "cashier" [*Id.* at Page ID #: 203], "cashier" and "manager" [*Id.* at Page ID #: 222], and that "I was just a cashier/stocker . . ." [*Id.* at Page ID #: 70] Plaintiff's attorney neither objected to the classification of Ebersole's past relevant work at the hearing nor questioned the vocational expert about this finding. [*Id.* at Page ID #: 80–81] The attorney only cross examined the vocational expert on whether a hypothetical individual with Plaintiff's characteristics could do "any of the claimant's past work . . . at the medium level." [*Id.*] Plaintiff "may not now complain" in federal court when she "failed to cross examine" a vocational expert on a topic "when [s]he had an opportunity to do so." *Kidd v. Berryhill*, No. 5:17-CV-420-REW, 2018 WL 3040894, at *6 (E.D. Ky. June 19, 2018) (quoting *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006)) (other citations omitted). Further, agency policy recognizes that a claimant's former job may involve excessive functional demands not generally required by other employers, and such does not prove the job was "misclassified." SSR 82-61, 1982 WL 31387, at *2 (Jan. 1, 1982).

After identifying and properly classifying Plaintiff's past relevant work, the vocational expert testified that the job of cashier involved light work in accordance with DOT code

211.462-010. [R. 7-1 Page ID #: 79] The DOT explains that a cashier receives money from customers, makes change, issues receipts, records totals, and verifies that total against the cash on hand. *211.462-010 Cashier II*, <u>Dictionary of Occupational Titles</u> (4th ed. 1991). The DOT additionally provides that the job of cashier is "Light Work" which includes "[e]xerting up to 20 pounds of force occasionally," "up to 10 pounds of force frequently," "and/or a negligible amount of force constantly." *Id.* Based on the DOT's definition of cashier, the vocational expert concluded that cashier work is "light and unskilled . . . as generally performed." [R. 7-1 at Page ID #: 79]

After properly classifying Plaintiff's prior work as that of a cashier and properly concluding this job involved "light work" as generally performed, the ALJ determined that Plaintiff "is capable of performing past relevant work as . . . [a] cashier" because this work "does not require the performance of work-related activities precluded by [her] residual functional capacity." [*Id.* at Page ID #: 57] The vocational expert testified that a hypothetical person of Plaintiff's age, education, work history, and residual functional capacity could perform Plaintiff's past work as generally performed. [*Id.*] ALJ Wells' reliance on the vocational expert's testimony (as well as other evidence in the record) supported her finding that Plaintiff was capable of performing the duties of a cashier as generally performed. Notably, Plaintiff offers no argument (much less evidence) that she is incapable of working as a cashier as that work is generally performed. Rather, Plaintiff's argument "rests on the incorrect assumption that [her] burden is to show merely an inability to return to [her] old job as a [cashier]." *Studaway v. Sec. of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987). This argument rests on too narrow a construction of the standard for eligibility. *Id.* (quoting *Jock v. Harris*, 651 F.2d 133, 135 (2d Cir. 1981)); *see also Yaden v. Saul*, No. 18-153-DLB, 2019 WL 3997270, at *8

(E.D. Ky. Aug. 23, 2019) (noting that it is "legally irrelevant" whether the plaintiff could perform his particular past work so long as the plaintiff could perform his past relevant work as generally performed).

In sum, substantial evidence supports the ALJ's decision that Plaintiff could perform her past relevant work of a cashier as generally performed and thus that Plaintiff was not disabled.

## IV. Conclusion

Because the decision of the Commissioner was made pursuant to proper legal standards and supported by substantial evidence,

**IT IS HEREBY ORDERED** as follows:

1. The decision of the Commissioner is **AFFIRMED**.

2. Plaintiff's Motion for Summary Judgment [**R. 10**] is **DENIED**.

3. Defendant's Motion for Summary Judgment [**R. 12**] is **GRANTED**.

4. A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This the 18th day of March, 2020.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY